UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LOUIS BLANK, et al., | No. 2:17-cv-0371-JAM-KJN PS |
| Plaintiffs, | |
| v. | ORDER AND |
| SACRAMENTO REGIONAL TRANSIT, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiffs Paul Louis Blank ("Paul Blank"), who proceeds in this action without counsel, and Paul Blank Apparel, Inc., which is not represented by counsel, have requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Paul Blank's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. However, the application does not make such a showing with regard to Paul Blank Apparel, Inc., because the application only provides a declaration as to Paul Blank's assets, and in no way demonstrates that Paul Blank Apparel, Inc. is entitled to proceed *in forma pauperis*.[2]

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Moreover, as discussed in more detail below, the allegations of the complaint establish that Paul

1

Accordingly, the court grants Paul Blank's request to proceed *in forma pauperis*, but declines to grant such status to Paul Blank Apparel, Inc. to the extent the plaintiffs' motion makes such a request.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

---

Blank Apparel, Inc. should be dismissed from this action with prejudice.

Here, plaintiffs' 4-page complaint is rambling and largely unintelligible. Construed liberally, it appears from the heading and first two paragraphs of the complaint that plaintiffs allege that Paul Blank is a disabled man who was denied access to a Sacramento Regional Transit bus after he had offered to pay the full fare. (ECF No. 1 at 1.) However, the rest of the complaint consists of allegations asserting an assortment of colorful facts that appear to have little to no bearing on this core allegation. For instance, plaintiffs allege that four Sacramento Regional Transit bus drivers—referred to in the complaint as "John Driver BadGuyRole," "John Driver GoodGuyRole," "John Driver CowboyBlackBoots," and "Jane Driver ShortyHeight"—operated an "underage sexual child prostitution ring." (Id. at 1-2.) Plaintiffs allege further that Paul Blank is the sole director of Paul Blank Apparel, Inc., is in talks to make an initial public offering for that company, and is designing a "bullet proof secure communication encryption" software product for another company he will soon start. (Id. at 3.) Finally, plaintiffs allege that Paul Blank authored the complaint on a laptop at the "Walmart near I-80 and Watt, or nicknamed the [*sic*] "the Stair Way to Heaven," and that he "refuses any medical treatment today by the malpractice of [his] doctor." (Id. at 4.) Based on these allegations, plaintiffs appear to request relief in the form of $2 million in damages, protection by the United States Marshal Service, and "an immediate in chambers off-record chat with plaintiff[s'] friend nick name[d] Mr. Legal." (Id. at 2-3.) As best as the court can tell from the complaint's allegations, it appears that plaintiffs attempt to allege that Paul Blank was denied access to public transportation due to an unidentified disability in violation of the Americans with Disabilities Act ("ADA"), and unidentified amendments to the United States Constitution. (See id. at 1-2.)

As an initial matter, the allegations of the complaint, even when construed in a light most favorable to plaintiffs, in no way demonstrate that the corporate plaintiff, Paul Blank Apparel, Inc., has even a potential cause of action. Indeed, to the extent the allegations can be construed, it is clear that any harm from the wrongs plaintiffs attempt to allege was suffered by Paul Blank as an individual. Nothing from the facts alleged remotely indicate that Paul Blank Apparel, Inc. was involved in the events at issue involving the named defendants. Accordingly, the court recommends that any claims asserted in the complaint by Paul Blank Apparel, Inc. be dismissed

without leave to amend.

With regard to Paul Blank, it appears that plaintiffs inartfully attempt to assert unidentified constitutional civil rights claims under 42 U.S.C. § 1983, and claims under the Americans with Disabilities Act ("ADA"). However, as currently constructed, the complaint contains allegations that in no way support a cognizable cause of action under either the ADA or § 1983. For instance, with regard to the apparent claim or claims under the ADA, plaintiffs in no way allege the nature of Paul Blank's disability, that he was denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such an entity, or that that denial or discrimination was by reason of his disability, all of which are necessary to sustain such a claim. See, e.g., Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1021 (9th Cir. 2010). Similarly, although the complaint broadly alleges that this is a civil rights action, Paul Blank fails to allege which constitutional or statutory right or rights he is seeking to vindicate through his apparent § 1983 claim or claims. Accordingly, plaintiffs fail to allege factual content that support Paul Blank's apparent claims against defendants. However, while the court is highly skeptical that Paul Blank can allege facts sufficient to support a viable civil rights claim under § 1983 and/or a claim under the ADA against any of the named defendants, in an abundance of caution, the court will grant him leave to amend the complaint.

Given the above-mentioned deficiencies, Paul Blank's apparent claims are subject to dismissal. Nevertheless, in light of Paul Blank's *pro se* status, and because it is at least conceivable that he could cure such deficiencies, the court finds it appropriate to grant Paul Blank an opportunity to amend the complaint.

If Paul Blank elects to file an amended complaint, it shall be captioned "First Amended Complaint"; shall clearly identify the named defendant(s); shall clearly identify under which federal statutes and constitutional amendments his claims are brought; shall outline the specific factual allegations in support of each claim; shall specify the relief sought; and shall be typed or written in legible handwriting.

////

////

Importantly, nothing in this order requires Paul Blank to file a first amended complaint. If Paul Blank concludes that he is unable to state a viable claim or no longer wishes to pursue this action in federal court, he may instead file a notice of voluntary dismissal of the action without prejudice.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Paul Blank's motion to proceed *in forma pauperis* (ECF No. 2) is granted.
2. Paul Blank's claims asserted in the complaint are dismissed, but with leave to amend.
3. Within 28 days of this order, Paul Blank shall file either (a) a first amended complaint in accordance with the requirements of this order or (b) a notice of voluntary dismissal of the action without prejudice.
4. Failure to file either a first amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
5. Plaintiffs' "motion for continuation of case" (ECF No. 3) is DENIED.

Furthermore, IT IS HEREBY RECOMMENDED that Paul Blank Apparel, Inc.'s claims asserted in the complaint be dismissed without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may

---

[3] Plaintiffs also filed a motion styled as a "motion for continuation of case" on March 1, 2017. (ECF No. 3.) That filing appears to consist of little more than complaints with regard to individuals and entities wholly unrelated to the allegations of the complaint, or this action more generally. (See id.) Moreover, the filing appears to contain no request for cognizable relief from the court. Accordingly, the court denies this motion.

waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: April 19, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE